UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZALEZ 9004 LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JIMMY FRANCISCO, CHERYLL FRANCISCO,<br><br>　　　　Defendants. | Case No. 19-cv-07825 NC<br><br>**ORDER TO SHOW CAUSE WHY REMOVAL WAS PROPER AND WHY THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THE CASE**<br><br>Re: Dkt. No. 1 |

Jimmy and Cheryll Francisco removed this case to federal court from Monterey County Superior Court alleging federal question jurisdiction under 28 U.S.C. § 1331. Upon review of the notice of removal and the state court complaint, the Court is concerned that it lacks subject matter jurisdiction because no federal question is presented in the complaint. Further, the Court is concerned that removal from state court was improper under 28 U.S.C. § 1446 because (1) the removing parties are not listed as defendants in the state court complaint, and (2) the defendants listed in the state court complaint have not consented to removal.

First, "federal question" subject matter jurisdiction under 28 U.S.C. § 1331 requires that the action arise under federal law. Here, the removing parties state that the action arises under "12 U.S.C. § 5201," the "Protecting Tenants at Foreclosure Act of 2009." Dkt. No. 1 at 2–3. However, the state court complaint filed by plaintiff Zalez appears to be an unlawful detainer action for eviction arising under state law. *Id.*, Ex. A. Thus, no

federal question seems present to warrant removal to federal court.

Second, Jimmy Francisco and Cheryll Francisco are not listed as defendants in the state court complaint. Rather, that document names "John Miller" and "Sara Miller" as defendants. *Id*. at 5. Under 28 U.S.C. § 1446(a), "[a] *defendant or defendants* desiring to remove any civil action from a State court" must file a notice of removal. (Emphasis added). The statute goes on to state that when an action is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). Here—whether the Franciscos are actually defendants at all, which is not entirely clear—the removal notice does not include any consent to removal from John Miller or Sara Miller. Thus, removal is not proper.

The Court hereby ORDERS Jimmy Francisco and Cheryll Francisco to show cause (1) why this Court has subject matter jurisdiction over this case, and (2) why removal was proper. A written response to the Court's concerns must be filed by **January 10, 2020.** If the Court is not satisfied that it has jurisdiction and that removal was proper, the case will be remanded back to Monterey County Superior Court.

Finally, because they are proceeding pro se, the Court directs the Franciscos to its the Federal Pro Se Program, which provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is located in Room 2070 of the San Jose United States Courthouse, and is available by appointment Monday through Thursday, 9:00 a.m. – 4:00 p.m. and can be reached by phone at (408) 297-1480.

**IT IS SO ORDERED.**

Dated: December 8, 2019  _____
NATHANAEL M. COUSINS
United States Magistrate Judge